IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CASE NO. 1:10-cr-34-MEF |
| | ) | (WO) |
| ZENEIDA MIRANDA, *et al.* | ) | |

# **O R D E R**

On April 21, 2010, the defendants filed an Unopposed Motion to Continue (Doc. # 57). While the granting of a continuance is left to the sound discretion of the trial judge, *United States v. Warren*, 772 F.2d 827, 837 (11th Cir. 1985), the Court is limited by the requirements of the Speedy Trial Act, 18 U.S.C. § 3161. The Speedy Trial Act provides generally that the trial of a defendant in a criminal case must commence within seventy days of the latter of the filing date of the indictment or the date the defendant appeared before a judicial officer in such matter. 18 U.S.C. §3161(c)(1). *See United States v. Vasser*, 916 F.2d 624 (11th Cir. 1990).

The Speedy Trial Act excludes from this seventy-day period any continuance that the judge grants "on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." 18 U.S.C. § 3161(h)(7)(A).

The motion states that the discovery in this case is lengthy and complex. The initial written discovery contained 472 pages of reports and other documents concerning events spanning several years. The written discovery was accompanied by twenty-two compact discs. According to the government, one of the discs contains approximately 2,000 pages of

transcripts and notes from the government's investigation. This case involves a wiretap that captured numerous Spanish-language conversations. The defendants need a substantial amount of time to examine and translate this discovery. According to the government, there will be additional discovery provided within the next few weeks; new translations (and translations represented in a different format) will likely be provided for select portions of the discovery; and a superseding indictment is planned, including new charges related to the use of telephones. As a result, counsel for the defendants need a substantial amount of time to prepare for this trial. Counsel for the government does not oppose the request for a continuance. Consequently, the Court concludes that a continuance of this case is warranted and that the ends of justice served by continuing this case outweighs the best interest of the public and the defendant in a speedy trial. *See United States v. Davenport*, 935 F.2d 1223, 1235 (11th Cir. 1991) (holding that reasonable time necessary for effective preparation is a significant factor for granting a continuance under the Speedy Trial Act).

Accordingly, it is hereby ORDERED:

1. That the defendant's motion to continue filed on April 21, 2010, is GRANTED.

2. That the trial of this case is continued from the May 17, 2010 trial term to the November 15, 2010 trial term in Dothan, Alabama.

3. That the Magistrate Judge conduct a pretrial conference prior to the November 15, 2010 trial term.

DONE this the 27th day of April, 2010.

                                                /s/ Mark E. Fuller
                                           CHIEF UNITED STATES DISTRICT JUDGE